IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNNY P. PIKE, | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-15 (MTT) |
| VS. | : | |
| N.W. CHISM, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Dr. Ikechukwu Akunwanne and Dr. Dwayne Ayers (Doc. 12), and a separate a Motion to Dismiss filed by Defendant Dr. N.W. Chism (Doc. 25). For the reasons set forth below, it is hereby **RECOMMENDED** that both motions be **GRANTED**.

FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, Plaintiff alleges that each of the Defendant doctors was deliberately indifferent to his serious medical needs, in choosing to treat his back and neck condition using medications that damaged his kidneys. The Defendants were physicians employed at three facilities where Plaintiff has been incarcerated since his December 21, 2006 conviction.

Plaintiff began serving his sentence at the Laurens County Jail, where Defendant Dr. N.W. Chism first prescribed Ibuprofen in response to the Plaintiff's complaints of back and neck pain.

On December 13, 2007, Plaintiff was transferred to Baldwin State Prison. At that time, Dr. Akunwanne renewed Plaintiff's prescription for Ibuprofen. On January 2, 2008, Plaintiff underwent a urinalysis. On January 8, 2008, after the results of the urinalysis were returned from the lab, Dr. Akunwanne met with Plaintiff, went over the results of the urinalysis, and explained that prolonged use of Ibuprofen could cause liver and kidney damage. Dr. Akunwanne then ordered that Plaintiff

be given the drug Salsalate instead of Ibuprofen. On February 14, 2008, Plaintiff was transferred to Calhoun State Prison (CSP).

When Plaintiff arrived at CSP, Dr. Ayers reviewed his medical records and prescribed a ten-day course of antibiotics for the Plaintiff. After his first meeting with Plaintiff, on February 16, 2008, Dr. Ayers reduced Plaintiff's prescribed daily dosage of Salsalate. In the months that followed, Plaintiff acknowledges that he was sent to Augusta State Medical Prison on several occasions to have his kidney function checked by a specialist. On August 3, 2009, during one such visit to ASMP, Plaintiff was diagnosed with chronic microscopic hematuria, a condition used to describe a type of damage to the kidneys. As a result, and after discussing the condition with the Plaintiff, the specialist at ASMP recommended that Plaintiff's prescription for Salsalate be discontinued and that he undergo a CT scan.

The next day, in accordance with the above recommendations, Dr. Ayers discontinued Plaintiff's prescription for Salsalate, gave him a one-month prescription for Percogesic, and requested Utilization Review approval for Plaintiff to undergo a CT scan. This request was subsequently approved and, on November 24, 2009, the Plaintiff underwent a CT scan. The Complaint does not state the results of the CT scan or describe any further medical treatment. Plaintiff filed his Complaint on January 8, 2010.

## DISCUSSION

Accepted as true and viewed in the light most favorable to Plaintiff, the Complaint fails to state a claim of medical deliberate indifference as against any of the above-named Defendants. To establish a violation of the Eighth or Fourteenth Amendment related to medical treatment, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994) ), *overruled in part on other grounds,* Hope

v. Peltzer, 536 U.S. 730 at 739 (2002), (citing Wilson v. Seiter, 501 U.S. 294 (1991) (subjective component), Whitley v. Albers, 475 U.S. 312 (1986)(subjective component), and Rhodes v. Chapman, 452 U.S. 337 (1981)(objective component). With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999). As these requirements make clear, in the context of a 42 U.S.C. §1983 lawsuit, "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable. Taylor, 221 F.3d at 1258.

Equally important in the context of this case is the fact that a prisoner cannot establish a constitutional violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment," Estelle, 429 U.S. at 105, and, as such, are not actionable under the Eighth or Fourteenth Amendment.

In this case, the Complaint and the materials submitted by the Plaintiff provide a detailed description of the various medical treatments provided to him by each of the three Defendants as well as other medical personnel. Plaintiff's own allegations indicate that the Defendants took numerous steps to monitor the effects of his medication on his kidney function. As such, it appears that Plaintiff's claims consist entirely of his disagreements with the mode or method of treatment provided and the Defendants' attempts to address the risks associated with the medications. Such claims are simply not sufficient to establish deliberate indifference. Estelle, 429 U.S. at 105; Hamm,

774 F.2d at 1576; accord Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (1st Cir. 1981) ("We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. [ ] Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.") (internal citations omitted).

Accordingly, **IT IS RECOMMENDED** that the Defendants' Motions to Dismiss be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO ORDERED**, this 25th day of January, 2011.

        s/ Charles H. Weigle
        Charles H. Weigle
        United States Magistrate Judge